UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------x
                                  :

MICHAEL BUTLER                 :           3:13 CV 607 (CSH)
                                    :

V.                            :
                                    :

CAROLYN W. COLVIN,       :
ACTING COMMISSIONER OF  :
SOCIAL SECURITY         :
                                    :           DATE: APRIL 29, 2015
-------------------------------------------------------- x

<u>RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES</u>

On March 12, 2009, plaintiff filed applications for DIB and SSI claiming that he was disabled due to major depressive disorder and bipolar type B beginning on August 31, 2008; plaintiff's application was denied initially and upon reconsideration. (Dkt. #23, at 1). After a hearing before ALJ James Thomas on August 29, 2011, ALJ Thomas issued his decision denying plaintiff benefits, and on February 26, 2013, the Appeals Council denied plaintiff's request for review. (<u>Id.</u> at 1-2). On April 26, 2013, plaintiff filed his complaint in this pending action, and on November 18, 2014, this Magistrate Judge issued her Recommended Ruling granting in part plaintiff's Motion to Reverse and/or Remand, and denying defendant's Motion to Affirm; Senior U.S. District Judge Charles S. Haight, Jr. approved this Recommended Ruling in its entirety on December 22, 2014. (Dkts. ##1, 23, 24).

On March 20, 2015, plaintiff filed the pending Motion for Attorney's Fees, with affidavit and brief in support. (Dkt. #25).[1]  On April 20, 2015, defendant filed her brief in opposition. (Dkt. #26).

For the reasons stated below, plaintiff's Motion for Attorney's Fees (Dkt. #25) is

---

[1]Plaintiff's counsel also attached his Itemization of Time ["Time Log"].

granted in the amount of $6,316.17 for 30.3 hours (consisting of 4.9 hours at a rate of $189.23 per hour for a subtotal of $927.23 for 2013, and 25.4 hours at a rate of $194.84 per hour for a subtotal of $4,948.94 for 2014), and $440.00 in legal costs.

## I. DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the Equal Access to Justice Act ["EAJA" or "Act"], 28 U.S.C. § 2412, the purpose of which Act is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Comm'r, I.N.S. v. Jean, 496 U.S. 154, 163 (1990)(footnote & citation omitted).  In order for an award of attorney's fees to enter, this Court must find that plaintiff is a prevailing party, that the Commissioner of Social Security's opposition to the original motion to remand was without substantial justification, that no special circumstances exist that would make an award unjust, and that the fee petition was filed within thirty days of final judgment.  28 U.S.C. § 2412(d)(1)(B).

In the underlying Motion, plaintiff's counsel seeks an award of $9,363.80 for 48.2 hours of work, consisting of 4.9 hours in 2013, at an hourly rate of $189.23 and 43.3 hours in 2014, at an hourly rate of $194.84; he also seeks costs of $560.00.  (Dkt. #25; see also id., Brief at 5).

Defendant does not contest plaintiff's prevailing party status, but seeks "a reduction of some hours sought and an exclusion of other hours sought in this case." (Dkt. #26, at 3, 4).  Defendant urges this Court to award no more than $4,414.87, or 22.8 hours, at rates of $189.23 per hour for 2013 and $194.84 per hour for 2014; defendant also opposes the $210.00 requested in costs for "Legal Research." (Id. at 7, 8-9, 10-11).[2]

_____

[2]Earlier in the brief, defendant argues that plaintiff is entitled to 25.7 hours (id. at 4); however, her later analysis supports her claim that plaintiff is entitled to only 22.8 hours. (Id. at 7).

A. REASONABLENESS OF THE NUMBER OF HOURS

It is plaintiff's burden to establish entitlement to this fee award, and the district court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983)(interpreting Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, which allows a "prevailing party" to recover from his adversary "a reasonable attorney's fee as part of the costs.").[3] This Court has a duty to review plaintiff's itemized statement to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise  unnecessary[.]" Id. at 434.

As the parties correctly observe, "[c]ourts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." Poulin v. Astrue, No. 3:10 CV 1930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012)(citations & internal quotations omitted).  However, in cases where the "specific circumstances warrant it, courts do not hesitate to award fees in excess of twenty to forty hours." Rodriguez v. Astrue, No. 3:08 CV 154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009)(internal quotations & citation omitted), modified on other grounds, 2010 WL 1286895 (D. Conn. Mar. 29, 2010).  In such cases, the "[r]elevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." 2009 WL 6319262, at *3 (multiple citations omitted).  In this case, although counsel did not represent plaintiff at the administrative level, the administrative transcript

_____

10).

   [3]The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Id. at 433, n.7.

was only 425 pages long, considerably shorter than what this Court encounters in an average Social Security case. Additionally, as defendant notes, the legal issues in this case are not particularly complex, the majority of plaintiff's legal citations and some of his legal arguments are taken directly from previous briefs he has filed in other cases, and plaintiff's counsel has significant experience in this area of the law. (Dkt. #26, at 6-7; Dkt. #25, Affidavit at 1-2). Finally, the Court, in its Recommended Ruling, noted that some of plaintiff's claims were not fully developed and lacked proper citations to the record. (Dkt. #23, at 29-30). However, rather than cutting plaintiff's counsel's hours by a broad percentage, the Court will examine and reduce the specific entries discussed below.

B. SPECIFIC TIME ENTRIES

1. 2013

Defendant has no objection to the 4.9 hours requested for work performed in 2013. (Dkt. #26, at 8). Accordingly, plaintiff is entitled to attorney's fees for 4.9 hours in 2013 at a rate of $189.23 per hour for a subtotal of $927.23.

2. 2014

Defendant first objects to plaintiff's request for 5.2 hours for legal research on March 3, 2014, and 1.7 hours for more research on March 4, 2014, claiming that plaintiff should receive no hours for legal research because his "legal arguments were taken – at times verbatim – from past filings[,]" plaintiff has extensive experience with this area of law, and no novel issues were raised in this case. (Id. at 8-9). Due to the similarity between plaintiff's legal arguments in this case and those in past filings, his hours for legal research will be reduced to 2.5 hours for March 3, 2014 and 0.5 hours for March 4, 2014 for a subtotal of 3.0 hours of legal research.

Defendant next objects to plaintiff's request for 22.3 hours related to the drafting and filing of plaintiff's brief, again emphasizing the relatively short transcript, legal arguments taken from previous filings, lack of novel or complex legal issues, and plaintiff's counsel's experience in the field; defendant requests a reduction 7.1 hour reduction to this time. (Id. at 9). In light of the points raised by the defendant, and considering that the average Social Security case requires between twenty and forty hours to prosecute, plaintiff's request for more than twenty hours to draft and file his brief is unreasonable. Accordingly, plaintiff is entitled to attorney's fees of 16.0 hours for the drafting and filing of his brief.

Defendant also objects to the 0.5 hours related to plaintiff's requests for extensions of time and his subsequent review of the related Court Orders in March and June 2014. (Id.). The Court finds that plaintiff's request for preparing and filing these unopposed motions is reasonable and accordingly he is entitled to 0.5 hours of attorney's fees. See Texidor v. Colvin, No. 3:10 CV 701 (CSH)(JGM), 2015 WL 164062, at *3 (D. Conn. Jan. 15, 2015), citing Rivera v. Astrue, No. 3:07 CV 1049 (SRU)(WIG), 2009 WL 2982647, at *2 (D. Conn. June 18, 2009)(finding time entries relating to extensions of time for 0.1 or 0.2 hours to be reasonable).

Finally, defendant objects to the 10.9 hours that plaintiff requests for the drafting and filing of a reply brief. (Dkt. #26, at 10). Defendant correctly notes that while CM/ECF lists this brief to be fourteen pages, this is the result of the same seven page reply brief, which contains only six pages of argument, being filed twice in the same document. (See Dkt. #22). Also, this brief mostly summarizes the arguments made by defendant and repeats plaintiff's previous positions. (Id. at 1-6). The Court finds it unreasonable that it took plaintiff nearly eleven hours to draft six pages of argument that contained almost no new substantive

information or analysis. Accordingly, plaintiff is entitled to attorney's fees for only 3.0 hours for the drafting and filing of his reply brief.

Therefore, plaintiff is entitled to a total of 25.4 hours for 2014, consisting of 3.0 hours for legal research, 16.0 hours for drafting and filing his brief, 0.5 hours for Motions for Extensions of Time, and 3.0 hours for his reply brief, as well as the remaining times from plaintiff's Time Log to which defendant has no objection, 0.2 hours for the February 2014 Motion for Extension of Time and review of subsequent Court Order, 0.3 hours in May 2014 for plaintiff to review an email from defense counsel, review defendant's motion, and review a Court Order, 0.4 hours for plaintiff to review this Magistrate Judge's Recommended Ruling and a Court Order, and 2.0 hours to prepare the pending EAJA motion. (See Dkt. #26, at 8-10).  At a rate of $194.84 per hour, plaintiff's 25.4 hours in 2014 total $4,948.94.

### C. LEGAL RESEARCH COSTS

Finally, defendant objects to the $210.00 in costs that plaintiff requests for legal research. (Id. at 10-11). Defendant claims that because plaintiff provides no support for this cost and because "the recitations of law in [plaintiff's] brief are taken from past filings, it is difficult to discern what additional research contributed to his work in this case." (Id. at 11). Because the Court has already reduced plaintiff's requested time for legal research, his request for costs will be also be decreased accordingly. Therefore, plaintiff will receive $90.00 for legal research costs and $350.00 in costs for the filing fee for a total of $440.00 in costs.

### II. CONCLUSION

For the reasons stated above, plaintiff's Motion for Attorney's Fees (Dkt. #25) is granted in the amount of $6,316.17 for a total of 30.3 hours (consisting of 4.9 hours at a rate of $189.23 per hour for a subtotal of $927.23 for 2013 and 25.4 hours at a rate of

$194.84 per hour for a subtotal of $4,948.94 for 2014), and $440.00 in legal costs.

This is a ruling on attorney's fees and costs which is reviewable pursuant to the"clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 6(a), 6(e), and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon a motion timely made.

The parties are free to seek the district judge's review of this ruling.  See 28 U.S.C. §636(b)**(written objection to ruling must be filed within fourteen calendar days after service of same)**; FED. R. CIV. P. 6(a), 6(e), & 72; Rule 72.2 of the Local Rule for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated this 29th day of April, 2015 at New Haven, Connecticut.


 /s/ Joan G. Margolis, USMJ    
Joan Glazer Margolis
United States Magistrate Judge